Filed 8/28/13  In re Jonathan C. CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| In re JONATHAN C., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>JONATHAN C.,<br><br>    Defendant and Appellant. | G048085<br><br>(Super. Ct. No. DL042786)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Cheryl L. Leininger, Judge.  Affirmed.

Marilee Marshall, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

The court found minor Jonathan C. possessed marijuana for sale (Health & Saf. Code, § 11359).  The court declared minor to be a ward of the court and placed him on supervised probation.

We appointed counsel to represent minor on appeal.  Appointed counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v. California* (1967) 386 U.S. 738 [87 S.Ct. 1396, 18 L.Ed.2d 493] (*Anders*) setting forth the facts of the case, suggesting only the sufficiency of the evidence to support the judgment a ground for the appeal, and requesting that we independently review the entire record.

On June 28, 2013, this court provided minor with 30 days to file written argument on his own behalf.  That period of time has passed, and we have received no communication from minor.

The evidence at the jurisdictional hearing reflects that after 18-year-old James C., who had previously bought marijuana from minor asked to purchase more, minor asked James to hold his marijuana because he feared he would be searched at school.  James agreed and minor gave him a quantity of marijuana stating he was going to sell some of it to Max G.; James agreed to pass on some marijuana to Max.

Later, Orange County Deputy Sheriff, Brian Gunsolley detained James.  James admitted he possessed marijuana.  Upon being taken to the principal's office, James told Gunsolley the bulk of the marijuana belonged to minor, that he had seen minor sell marijuana, and that minor had asked him to deliver part of the marijuana to someone else.  Thereafter Gunsolley talked to Max who had a canister with small pieces of useable marijuana.  Max testified he expected to receive marijuana from minor, but he had not yet received it nor had he gotten his money back.

We have examined the entire record and reviewed counsel's *Wende/Anders* brief.  We are satisfied the record supports the judgment and that minor's appellate counsel has fully complied with her responsibilities and that no arguable issue exists.  By

2

virtue of counsel's compliance with the *Wende/Anders* procedure and our review of the record, minor has received adequate and effective appellate review of the judgment entered against him in this case.  (*Smith v. Robbins* (2000) 528 U.S. 259, 278 [120 S.Ct. 746, 145 L.Ed.2d 756]; *People v. Kelly* (2006) 40 Cal.4th 106, 123–124.)

DISPOSITION

The judgment is affirmed.

RYLAARSDAM, ACTING P. J.

WE CONCUR:

MOORE, J.

ARONSON, J.

3